Case 3:23-cv-00073   Document 4   Filed on 03/29/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:23-cv-0073

Byron Keith Harmon, TDCJ # 01801973, Plaintiff,

v.

R. Coleman, *et al.*, Defendants.

## ORDER OF DISMISSAL

Jeffrey Vincent Brown, *United States District Judge*:

Byron Keith Harmon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* in this civil-rights action and seeks leave to proceed *in forma pauperis*. He brings claims against multiple defendants at the Estelle High Security Unit in Huntsville, Texas. Dkt. 1.[1] Having reviewed the pleadings, the plaintiff's litigation history, and all matters of record, the court dismisses this case for the reasons explained below.

---

[1] Harmon was incarcerated at the Estelle Unit when he mailed his complaint to the Court. However, TDCJ's public online records reflect that he is now at Hospital Galveston. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Mar. 29, 2023).

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate" and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbarv. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Harmon has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Harmon v. Oppong*, Civil Action No. 3:23-0036 (S.D. Tex. Mar. 20, 2023) (listing past strikes and dismissing case under § 1915(g)). He therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Harmon's complaint in this case, executed on February 23, 2023, complains of a fall on December 3, 2022, a spinal cord injury on an unspecified

date, and ongoing pain. He alleges that the defendants have delayed medical care for up to three-and-a-half months, that he did not receive all medications he requested, and that he was placed in danger by his housing assignment. *See*, *e.g.*, Dkt. 1 at 4-5 (alleging that a medical provider removed medical restrictions including his wheelchair pass); *id.* at 5 (alleging that several defendants caused a delay in his medical care); *id.* at 4-5 (alleging that a doctor prescribed morphine, ordered a wheelchair and medical transport, and referred him for appointments with specialists, but refused to order "continuous dosage" of painkillers); *id.* at 8 (alleging without explanation that some defendants were "creating a reckless endangerment situation" by placing him in a cell "not in compliance to housing criteria" in connection with an incident on February 1, 2023, and surgery on an unspecified date). He also alleges that the defendants have retaliated against him, and have interfered with his administrative grievances.

Harmon's allegations do not suffice to show that he was in imminent danger of serious physical injury at the time he filed his complaint. *See McCoy v. Murray*, 600 F. App'x 250, 251 (5th Cir. 2015) (plaintiff who alleged that "he is in pain and has difficulty sleeping because of delays in receiving medication, and that there is a likelihood of unnecessary delay in receiving future medication from prison officials," had failed to demonstrate that he was under imminent danger of serious physical injury); *Arvie v. Tanner*, 518 F. App'x 304, 304–05 (5th Cir. 2013) (plaintiff who was receiving treatment for "a

variety of chronic medical conditions" but alleged that "'necessary life-sustaining treatment' for his hepatitis [had been] denied" and that he would suffer "irreversible liver damage" without the treatment had not shown imminent danger of serious physical injury). *Cf. Wanzer v. Rayford*, 832 F. App'x 319, 320 (5th Cir. 2020) (plaintiff who specifically alleged "serious ongoing symptoms" including severe chest pain, coughing up blood, and increasing blindness due to lack of medical treatment had sufficiently alleged an imminent anger of serious physical injury). Because he is not otherwise eligible to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice as barred by § 1915(g).

Based on the foregoing, the court orders as follows:

1. Harmon's motion for leave to proceed *in forma pauperis* (Dkt. 2) is denied.

2. Harmon's complaint (Dkt. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions, if any, are denied as moot.

**The Clerk is instructed to provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

Signed on Galveston Island this  29th  day of  March            , 2023.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE